**Joan Chason ALFORD,
Plaintiff–Appellee,**

v.

**DEAN WITTER REYNOLDS, INC. and Don L. Harris, Defendants–Appellants.**

**No. 89–2599.**

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1991.

Raymond L. Kalmans, Joseph G. Galagaza, Neel, Hooper & Kalmans, Houston, Tex., for defendants-appellants.

Stuart M. Nelkin, Kathy Boutchee, Nelkin & Nelkin, Houston, Tex., for plaintiff-appellee.

Carolyn L. Wheeler, Washington, D.C., for EEO.

Before CLARK, Chief Judge, and THORNBERRY and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Plaintiff Joan Chason Alford was fired from her job as a stockbroker with defendant Dean Witter Reynolds, Inc. She sued Dean Witter for a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. Last year, we issued a decision, 905 F.2d 104 (5th Cir.1990), affirming the district court's refusal to dismiss the case or compel arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. On petition for certiorari, the United States Supreme Court, —— U.S. ——, 111 S.Ct. 2050, 114 L.Ed.2d 456 (1991), vacated our judgment and remanded the case for further consideration in light of its recently issued decision in *Gilmer v. Interstate/Johnson Lane Corporation,* —— U.S. ——, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). We now conclude that *Gilmer* requires us to reverse the district court and

compel arbitration of Alford's Title VII claim.

■ In *Gilmer,* the Supreme Court decided that a claim under the Age Discrimination in Employment Act of 1967 (ADEA) "can be subjected to compulsory arbitration pursuant to an arbitration agreement in a securities registration application." 111 S.Ct. at 1650. Because both the ADEA and Title VII are similar civil rights statutes, and both are enforced by the EEOC, compare 29 U.S.C. § 626 *with* 42 U.S.C. § 2000e–5, we have little trouble concluding that Title VII claims can be subjected to compulsory arbitration. Any broad public policy arguments against such a conclusion were necessarily rejected by *Gilmer.* Our prior decision stemmed mainly from our reading of the Supreme Court's unanimous decision in *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 45, 47, 94 S.Ct. 1011, 1018, 1019, 39 L.Ed.2d 147 (1974), which held that "federal courts have been assigned plenary powers to secure compliance with Title VII" and that "[t]here is no suggestion in the statutory scheme that a prior arbitral decision either forecloses an individual's right to sue or divests federal courts of jurisdiction." *See* 905 F.2d at 106.

Dean Witter had argued that *Alexander* did not control the case because "*Alexander* was premised upon the nature of labor arbitration, which is distinguishable ... from arbitration under the FAA" and also because "the rationale of *Alexander* has been undercut by the Supreme Court decisions affirming the use of commercial arbitration in statutorily founded claims." *Id.* at 107. *Gilmer* accepted similar arguments:

> There are important distinctions between the [*Alexander*] line of cases and the case before us. First, those cases ... involved the quite different issue whether arbitration of contract-based claims precluded subsequent judicial res-

olution of statutory claims.... Second, because the arbitration in those cases occurred in the context of a collective-bargaining agreement, the claimants there were represented by their unions in the arbitration proceedings.... Finally, those cases were not decided under the FAA, which, as discussed above, reflects a "liberal federal policy favoring arbitration agreements."

111 S.Ct. at 1657. This rejection of *Alexander* is especially forceful because the stockbroker-employee in *Gilmer* "vigorously asserte[d]" that *Alexander* "preclude[d] arbitration of employment discrimination claims." *Id.* 111 S.Ct. at 1656. Moreover, *Gilmer* rejected *Alexander*'s "mistrust of the arbitral process." *See id.* n. 5.

We hold that Title VII claims, like ADEA claims, are subject to arbitration under the FAA.* The court below erred in refusing to compel arbitration of Alford's Title VII dispute with Dean Witter. We thus remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

* The FAA's coverage excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. In both this case and *Gilmer,* the arbitration clause was contained in the employee's contract with a securities exchange, not with the employer. *See generally Gilmer,* 111 S.Ct. at 1651 n. 1 (discussing the exclusionary clause of § 1). Courts should be mindful of this potential issue in future cases.