Linda A. **BENDER**, Plaintiff–Appellee, Cross–Appellant,

v.

**A.G. EDWARDS & SONS, INC. and John F. Donovan,** Defendants–Appellants, Cross–Appellees.

No. 91–3285.

United States Court of Appeals, Eleventh Circuit.

Sept. 8, 1992.

Timothy J. Sarsfield, Peper, Martin, Jensen, Maichel and Herlage, St. Louis, Mo., Claude H. Tison, Jr., MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for defendants-appellants.

Charleen Catherine Ramus, Kelly & McKee, Pa., Tampa, Fla., for plaintiff-appellee.

Before DUBINA, Circuit Judge, HILL and CLARK*, Senior Circuit Judges.

PER CURIAM:

Linda Bender brought this complaint in federal court alleging sexual harassment by her supervisor, John F. Donovan, at A.G. Edwards & Sons, Inc., a stock brokerage, and sought relief under Title VII and pendent state law claims of battery, intentional infliction of emotional distress, and negligent retention. The defendants moved for a stay of the claims pending arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16.

In her application for registration as a stock broker with NASD and NYSEX, Bender agreed to arbitrate disputes with her employer. The district judge found that the state law claims were covered by the agreement and dismissed them. The district judge refused to dismiss or stay the Title VII claims finding that Bender could not waive her right to a federal adjudication of Title VII claims. Bender appeals the dismissal of the state law claims, and Donovan and Edwards appeal the district court's denial of their motion to stay the Title VII claims pending arbitration. We find that the state law claims are subject to arbitration, but that it was error to dismiss these claims rather than staying them pending arbitration. Since *Gilmer v. Interstate/Johnson Lane Corp.*, —— U.S.

——, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), it is clear that Title VII claims are subject to compulsory arbitration, and we reverse the district court's denial of the defendant's motion.

### I. State law claims

If the district court had stayed the state law claims and compelled arbitration under 9 U.S.C. §§ 3–4, this order would not have been appealable under 9 U.S.C. §§ 16(b)(1) and (2). However, the district court dismissed the state law claims, and such dismissal is appealable as a final decision. 28 U.S.C. § 1291.

■ The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration. 9 U.S.C. § 3. If the parties do not proceed to arbitration, the court may compel arbitration. 9 U.S.C. § 4. Therefore, we vacate the dismissal of the state law claims and remand with instructions that judgment be entered staying all claims pending arbitration.

### II. Title VII Claims

■ Whether Title VII claims are subject to compulsory arbitration under the Federal Arbitration Act has been in doubt. The United States Supreme Court held that an employee who submitted her grievance to a grievance committee under a collective bargaining agreement did not waive her right to bring a Title VII claim in court. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). This Circuit construed *Alexander* as standing for the proposition that "there can be no prospective waiver of an employee's rights under Title VII." *Schwartz v. Florida Board of Regents*, 807 F.2d 901, 906 (11th Cir.1987) (this was dicta since the court found that the agreement in question never mentioned a waiver of subsequent Title VII violations).

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

Other courts, when directly confronted with the question, found that Title VII claims could not be forced into arbitration. *Utley v. Goldman Sachs & Co.*, 883 F.2d 184 (1st Cir.1989); *Swenson v. Management Recruiters Int'l, Inc.*, 858 F.2d 1304 (8th Cir.1988). This was also the view of the Fifth Circuit until its judgment in *Alford v. Dean Witter Reynolds, Inc.*, 905 F.2d 104 (5th Cir.1990), was vacated by the United States Supreme Court for reconsideration in light of its recent opinion in *Gilmer v. Interstate/Johnson Lane Corp.*, — U.S. —, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). On remand, the Fifth Circuit then concluded that Title VII claims are subject to compulsory arbitration under the FAA. *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229 (5th Cir.1991). Since *Gilmer*, in addition to the Fifth Circuit, two other circuits have determined that Title VII claims are subject to the FAA. *Mago v. Shearson Lehman Hutton, Inc.*, 956 F.2d 932 (9th Cir.1992); *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305 (6th Cir.1991). *Cf. Higgins v. Superior Court*, 234 Cal.App.3d 1464, 1 Cal.Rptr.2d 57 (1991) (unpublished opinion per court order) (comparing discrimination claims under the California Fair Employment and Housing Act to Title VII claims to find that California discrimination claims are subject to arbitration). We agree.

Although *Gilmer* involved a claim under the Age Discrimination in Employment Act of 1967 (ADEA), its reasoning is dispositive of the agreement to arbitrate Title VII claims before us. In *Gilmer*, the employee had signed the same stock broker U–4 registration form as had Bender.[1] 111 S.Ct. at 1650. The Supreme Court rejected the employee's contentions that Congress had intended to exclude age discrimination claims from the purview of the FAA and affirmed the Fourth Circuit's judgment that the claims were subject to compulsory arbitration. *Id.* at 1657.

The Supreme Court found three distinctions between the ADEA claim before it and *Alexander*. First, in *Alexander*, the employee had brought a contractual claim based on the collective bargaining agreement to a grievance committee. This contractual claim was quite different from the Title VII statutory claim, even though the two claims arose from the same conduct. *Id.* at 1657. The employees had not agreed to arbitrate their statutory claims. Second, the Supreme Court was concerned that in the collective bargaining process, the interests of the individual might be subordinated to the collective interests of employees in the bargaining unit: *Alexander* was designed to ensure that an individual's statutory rights were not lost in the collective bargaining process. *Id.* Third, and most importantly, the *Alexander* cases were not decided under the FAA and did not involve agreements to arbitrate. *Id.*

None of the Supreme Court's concerns in *Alexander* are present in this case. Bender, individually, entered into an agreement whereby she promised to arbitrate all disagreements with her employer. Her statutory rights were not compromised to secure the interests of other employees in a bargaining unit.

We see no reason to distinguish between ADEA claims and Title VII claims. *See Alford*, 939 F.2d at 230 ("both the ADEA and Title VII are similar civil rights statutes, and both are enforced by the EEOC"). Like *Gilmer*, Bender has not waived her right to a forum, for she can pursue her claims in arbitration, and if the arbitration proceedings are somehow legally deficient, she may return to federal court for review. 111 S.Ct. at 1654.

Therefore, we reverse the judgment of the district court and remand with instructions that the action, insofar as it proceeds under Title VII, be stayed pending arbitration.

1. The form provided that she agreed to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer or any other person that is required to be arbitrated under the rules, constitutions or by-laws of the organizations with which I register.
Uniform Application for Securities Industry Registration ("U–4 Application").

The district court's judgment that the state law claims are arbitrable is AFFIRMED. The judgment that Title VII claims are not subject to arbitration is REVERSED. We VACATE the dismissal of the state law claims. We REMAND with instructions that an order be issued staying all Title VII and state law claims pending arbitration. None of the other issues raised on appeal merits any discussion.

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and REMANDED.