**Terry B. NAZON, Plaintiff,**

v.

**SHEARSON LEHMAN BROTHERS, INC., Defendant.**

**No. 92–7172–CIV.**

United States District Court, S.D. Florida.

Sept. 17, 1993.

Stuart A. Rosenfeldt, Hertzfeld & Rubin, Miami, FL, for plaintiff.

David E. Otero, Gavin S. Appleby, Karen A. Ibach, Mahoney Adams & Criser, P.A., Jacksonville, FL, for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendant's Motion to Compel Arbitration. This motion has been fully briefed and is now ripe for ruling.

### Introduction

This action was brought by the plaintiff, Terry B. Nazon, against her former employer, Shearson Lehman Brothers, Inc. Her complaint, which is brought under the Florida Human Rights Act of 1977, as amended, Fla.Stat. § 760.10 *et seq.*, and Florida tort law, alleges sexual harassment, invasion of privacy, and intentional infliction of emotional distress.

The defendant has filed a motion to compel arbitration, arguing that the parties entered into an arbitration agreement which requires arbitration of this dispute between them. This agreement, which is entitled "Uniform Application for Securities Industry Registration or Transfer," provides as follows:

I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register. . . .

One such organization with which the plaintiff registered is the National Association of Securities Dealers ("NASD"). The NASD Code of Arbitration mandates that any dispute, claim or controversy arising between or among members will be arbitrated upon the demand of any party. The defendant, Shearson Lehman Brothers, Inc., is also a member of the NASD.

The plaintiff and the defendant are also members of the New York Stock Exchange ("NYSE"), which has similar arbitration requirements. NYSE Rule 347 provides:

"[a]ny controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member organization shall be settled by arbitration at the instance of any such party. . . ."

Whereas the instant controversy is required to be arbitrated by the rules of these two organizations, the defendant contends that the plaintiff's claims are covered by the parties' arbitration agreement, and must therefore be settled by arbitration.

### Discussion

The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds*, at 218, 105 S.Ct. at 1241.

A district court's duty to enforce an arbitration agreement is not diminished when a party to such an agreement asserts a statutory claim. *See Shearson/American*

*Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). As the Supreme Court has recently held in *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), there is no exception to this rule for statutory civil rights claims. In *Gilmer,* the plaintiff brought suit against his former employer alleging violations of the Age Discrimination in Employment Act (ADEA). *Gilmer,* at ——, 111 S.Ct. at 1651. As in this case, the plaintiff and the defendant were both members of the New York Stock Exchange, and the plaintiff had signed the Uniform Application for Securities Industry Registration or Transfer. *Id.,* at ——– ——, 111 S.Ct. at 1650–51. Noting that Congress had not evinced a specific intention to preclude waiver of judicial remedies, the Supreme Court held that claims under the ADEA are arbitrable. *Id.,* at —— – ——, 111 S.Ct. at 1652–57.

Following the Supreme Court's lead in *Gilmer,* the Eleventh Circuit recently held that an employee's Title VII and pendent state law claims were subject to arbitration, because she had signed an agreement identical to the one in this case, and was a member of the NASD and the New York Stock Exchange. *Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698 (11th Cir.1992).

The plaintiff does not dispute the similarity between these cases and the instant case. However, she argues that these authorities are not binding on this Court, because they do not address the question of whether state statutory claims are subject to arbitration. The plaintiff has not provided any indication that the Florida legislature specifically intended to preclude waiver of judicial remedies for violations of the Florida Human Rights Act. Instead, she argues that arbitration of her claims would violate Florida's strong public policy against sexual harassment in the workplace. In support of this contention, the plaintiff cites *Byrd v. Richardson–Greenshields Securities, Inc.,* 552 So.2d 1099 (Fla.1989), which held that the exclusivity rule of the worker's compensation statute did not apply to sexual harassment claims.

However, her reliance on *Byrd* is inapposite. In *Byrd,* the Supreme Court of Florida held that state and federal public policy would be abrogated if an employer could be *completely shielded* from tort liability based on incidents of sexual harassment. *Byrd,* at 1104. In this case, compulsory arbitration will not prevent the plaintiff from bringing her claims; it will merely require that these claims be pursued in a different forum. If the arbitration proceedings are somehow legally deficient, she may return to federal court for review. *See Bender, supra,* at 700; *Gilmer, supra,* 500 U.S. at ——, 111 S.Ct. at 1654.

■ The plaintiff also argues that the Court, if it finds that the plaintiff's claim must be arbitrated, should nevertheless deny the particular relief sought by the defendant. She argues that the Court should not order the plaintiff to initiate arbitration proceedings, but instead order the defendant to initiate arbitration. According to the plaintiff, it is unfair to force the plaintiff to bear the expenses of initiating arbitration proceedings in order to pursue her civil rights claims.

Although the result may seem unfair, the Rules of the NASD and the NYSE both require that the plaintiff initiate arbitration proceedings and pay the required fees. Section 25 of the NASD Code provides in pertinent part:

(a) The Claimant shall file with the Director of Arbitration an executed Submission Agreement, a Statement of Claim of the controversy in dispute, together with the documents in support of the Claim and the required deposit.... The Statement of Claim shall specify the relevant facts and the remedies sought.

N.A.S.D. Manual (CCH) ¶ 3725. In addition, Section 25(b) of the Code provides that the respondent is required to file an answer to the statement of claim, specifying all available defenses and relevant facts that will be relied upon at hearing. Relevant provisions of the NYSE Rules are identical to those of the NASD Code. *See* New York Stock Exchange Guide (CCH) ¶ 2612. Thus, the

NASD Code and the NYSE rules clearly provide for initiation of arbitration by the party asserting a claim.

Since the plaintiff agreed to abide by the rules of these organizations, she must initiate arbitration proceedings if she wishes to pursue her claims against the defendant. As the plaintiff herself points out, however, Section 44(a) of the NASD Code implies that filing fees may be waived by the Director of Arbitration. If the plaintiff is unable to afford these filing fees, it would be in her best interest to request such a waiver. However, should this request be denied, or should she have any other dispute with these organizations concerning assessment of fees, this Court is without jurisdiction to hear any such dispute; she must first pursue it in arbitration. *See Caporale v. National Association of Securities Dealers, Inc.*, 1991 WL 281890, 1 (D.N.J.).

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that the defendant's Motion to Compel Arbitration is hereby **GRANTED.** The above-styled cause shall be **STAYED** pending the completion of arbitration proceedings. This case shall be **CLOSED,** to be re-opened, if necessary, upon a motion by either party.

**DONE AND ORDERED.**