**Jane D. HILL, Appellant**

v.

**J.J.B. HILLIARD, W.L. Lyons, Inc.; Wolfgang William Brab; James C. Stone, III; and Gilbert L. Pamplin, Appellees.**

No. 95–CA–0898–MR.

Court of Appeals of Kentucky.

June 21, 1996.

As Modified on Denial of Rehearing Sept. 20, 1996.

Discretionary Review Denied by Supreme Court June 11, 1997.

Ivan H. Rich, Jr., Louisville, for appellant.

Walter L. Sales, Thomas M. Williams, Louisville, for appellee Hilliard Lyons.

Eleanore M. Garber, Louisville, for appellee W. William Brab.

Before WILHOIT, C.J., and COMBS and HOWERTON, JJ.

HOWERTON, Judge.

Jane Hill appeals from an order of the Jefferson Circuit Court dismissing her claims of sexual assault and battery, false imprisonment, intentional infliction of emotional distress, along with sexual harassment, retaliation, and violation of the equal pay law under KRS Chapter 344. The circuit court determined that the claims arose out of Hill's employment and were therefore subject to mandatory arbitration. We vacate the order as to the dismissal of the allegations of sexual assault and battery and false imprisonment against Wolfgang William Brab, and we remand for further proceedings. As to the dismissal of the other charges and parties, we find no error and affirm.

Hill was employed by Hilliard Lyons as a stockbroker in February 1991, and was elected to the position of Vice–President of Branch Administration and Marketing in

September of 1993. As a condition of her employment, Hill was required to register as a securities representative with self-regulatory organizations, including two stock exchanges, by completing and signing Form U–4, "Uniform Application for Securities Industry Registration or Transfer." By signing the form, Hill agreed to submit any dispute, claim, or controversy between Hilliard Lyons and herself to arbitration. Specifically, Hill agreed to the following provision:

> 5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm or a customer or any other person, that is required to be arbitrated under rules, constitutions or bylaws of the organizations listed in item 10 as may be amended from time to time and that any arbitration award entered against me may be entered as a judgment in a court of competent jurisdiction.

The "organizations listed in Item 10" are the American Stock Exchange, the National Association of Securities Dealers, and the New York Stock Exchange, all of which Hilliard Lyons is a member. Rule 347 of the New York Stock Exchange Rules provides:

> Any controversy between a registered representative and any member or member organization arising out of employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any party, in accordance with our arbitration procedure prescribed elsewhere in these rules.

The National Association of Securities Dealers has a similar rule.

Hill alleged that in October 1993, she was raped by her supervisor, W. William Brab, while they were attending a convention in New York. She further alleged that Brab threatened her that if she told anyone of the incident, she would lose her job. Hill eventually reported the alleged incident to a Hilliard Lyons Executive Vice–President, James C. Stone, and the Board Chairman, Gilbert L. Pamplin, and was given assurances that her complaint would properly be resolved. However, following the meeting, Hill alleged that she had to continue working in the office next to Brab, that she was required to appear at an awards presentation with Brab, and that she was given a bonus which was substantially less than she had been promised upon accepting the position. Hill maintained that Brab continued to exercise retaliatory authority over her and that her job responsibilities were reduced.

Hill initially filed a charge with the Equal Employment Opportunity Commission (EEOC) in Louisville, alleging sexual harassment and retaliation against Hilliard Lyons and Brab. As a result, Hill stated that her job responsibilities were further reduced and many of her responsibilities were reassigned to a male counterpart. Subsequently, in September 1994, Hill filed an action in the Jefferson Circuit Court against Hilliard Lyons, Brab, Stone, and Pamplin, claiming assault and battery, false imprisonment, intentional infliction of emotional distress, along with sexual harassment, retaliation, and violation of the equal pay law under KRS Chapter 344. The appellees collectively moved to dismiss and defer the case to arbitration on the basis of *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

Following oral argument, the circuit court entered an order finding that Hill's claims arose out of her employment at Hilliard Lyons and were therefore subject to the mandatory arbitration agreement signed by Hill. On February 8, 1995, the court stayed the action pending completion of the arbitration proceedings. However, on March 6, the court entered an order dismissing all of Hill's claims. This appeal ensued.

■ Hill argues that the court erred in ruling that her claims were subject to mandatory arbitration under *Gilmer*, because they did not arise out of her employment and are therefore outside the scope of the arbitration agreement. At the outset, we recognize that Hill has the burden of showing that her claims are not subject to arbitration.

> Congress has delegated broad powers to self regulatory organizations within the securities industry to police the conduct of their members. This broad legislative delegation of power strengthens the presump-

tion that disputes among members of such organizations and individuals associated therewith are arbitrable. *Spellman v. Securities, Annuities & Ins. Services, Inc.*, 8 Cal.App.4th 452, 464, 10 Cal.Rptr.2d 427, 435, *modified* 8 Cal.App.4th 1198 (1992) (citing to *Francis v. Marshall*, 661 F.Supp. 773 (D.Mass.1987)).

■ Further, whenever an arbitration agreement exists, the Federal Arbitration Act establishes that, as a matter of law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *See also Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592 (1995).

The United States Supreme Court in *Gilmer v. Interstate/Johnson Lane Corp., supra,* held that agreements in the securities industry by brokers to arbitrate claims arising out of employment are governed exclusively by the Federal Arbitration Act (FAA). Gilmer was a registered security representative with the New York Stock Exchange, who also had signed a Form U–4 as a condition of employment. When he was terminated at age 62, Gilmer filed suit alleging age discrimination in violation of the Age Discrimination in Employment Act. The Supreme Court determined that Gilmer's claim was subject to mandatory arbitration pursuant to the FAA.

The *Gilmer* holding and analysis has been consistently applied to actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as well as discrimination cases under state law. The Sixth Circuit in *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305 (6th Cir.1991), ordered arbitration of sexual harassment and sexual discrimination claims under Chapter 344 of the Kentucky Revised Statutes and Title VI, along with Willis' common law tort claims of outrage and breach of contract. *Willis* indicated that the "outrage" occurred in the workplace. Likewise, in *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir.1992), the Eleventh Circuit relied on the rationale in *Gilmer* in holding that a stockbroker was required to arbitrate her sexual harassment claims under Title VII pursuant to her registration application with the National Association of Securities Dealers and the New York Stock Exchange. The court also ordered arbitration of Bender's state law claims for battery, intentional infliction of emotional distress, and negligent retention. The *Bender* opinion did not reveal where the battery occurred or the nature of the offense.

Hill argues that *Gilmer* did not affect the prior line of cases interpreting the "arising out of ... employment" language of Rule 347. In support, Hill relies on *Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163 (8th Cir.1984), in which the Eighth Circuit determined that a claim must involve some connection with "customers or securities agencies" or a "significant issue of ... [plaintiff's] job performance" to require mandatory arbitration. *Id.* at 1167. *See also Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d 826 (D.C.Cir.1987); *Fleck v. E.F. Hutton Group, Inc.*, 891 F.2d 1047 (2nd Cir.1989); *Aspero v. Shearson Am. Express, Inc.*, 768 F.2d 106 (6th Cir.1985).

A thorough reading of the above decisions convinces us that Hill's reliance is somewhat misplaced. *Morgan* and subsequent decisions all espouse the standard by which to determine whether post-employment claims are subject to arbitration. In recognizing the difficulty in determining which post-employment claims should be subject to mandatory arbitration, the 2nd Circuit in *Fleck* relied on the *Morgan* test that there must involve "significant aspects of the employment relationship." These decisions are, to some extent, distinguishable from Hill's claims which arose during her employment with Hilliard Lyons.

■ We have no difficulty in concluding that all of Hill's claims against Hilliard Lyons, Stone, and Pamplin arose out of her employment. Hill's allegations of sexual harassment, retaliation, and violation of the equal pay law all relate to the alleged action or inaction Hilliard Lyons took as Hill's employer in response to her report of the incident in New York. These charges against Brab are likewise subject to arbitration. However, we cannot agree that Hill's other allegations against Brab arose out of her

employment. The only connection those torts or crimes have with Hill's employment is that they were committed by a co-worker and occurred while on a business trip.

■ The circuit court stated, and we agree, that rape does not ordinarily arise out of the employment context. Nevertheless, the trial court dismissed all claims for two reasons. Although Hill's tort claims of assault and battery and false imprisonment arise most immediately from Brab's conduct, the ensuing chain of events and the course of action Hill chose to pursue were made in direct connection with her employment. Hill elected not to pursue criminal charges against Brab or to sue him personally and exclusively. Instead, she originally sought recourse through the EEOC. It is cogent that the EEOC's sole domain is employment-related matters, yet Hill now contends that her claims do not arise out of her employment. The circuit court was also persuaded that Hill's allegations against Brab were so interwoven with those against the other appellees that all claims could be found to have arisen from her employment. The video record indicates that Judge Knopf struggled with this problem, but finally concluded that the case should not be prosecuted piecemeal. All claims were to be subjected to arbitration.

We, too, have struggled with the same problems and reasoning, but we nevertheless conclude that, in this situation, the alleged offenses by Brab of rape, assault and battery, and false imprisonment were erroneously dismissed. They simply cannot be considered as non-actionable in court as anything "arising out of the employment." The mere fact that these tort claims might not have arisen but for the fact that the two individuals were together as a result of an employer-sponsored trip cannot be determinative. What Brab is accused of doing is independent of the employment relationship. We will not expand the arbitration agreement merely for the sake of efficiency. In this case, it is the Federal Arbitration Act and the contract (As Modified: 9/20/96)that can be said to require a "piecemeal" resolution. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., supra.*

In affirming part of the decision that Hill's claims must be subject to arbitration, we have not denied her access to a court. She can pursue her claims which are subject to arbitration, and if the result is somehow legally deficient, she may return to court for review. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

We note that the order of the Jefferson Circuit Court, from which this appeal was taken, provided in part, "[b]y agreement of the Defendant, Wolfgang William Brab, his counterclaim shall be disposed of in a forum similar to that handling the Plaintiff's claims." Brab had filed a counterclaim against Hill for slander. To the extent that his counterclaim relates to the charges brought by Hill now to be heard in the Jefferson Circuit Court, it shall remain a part of the action on remand.

Accordingly, the order of the Jefferson Circuit Court dismissing Hill's action is vacated to the extent that it dismissed her personal tort claims of rape, assault and battery, and false imprisonment against Brab and remanded for further proceedings against him. As to the dismissal of the other charges and parties, the decision is affirmed.

All concur.