**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-11242

JANE M. THOMAS,

Plaintiff-Appellant,

VERSUS

BEAR STEARNS & CO., INC.

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-1970-D)

September 14, 1999

Before DUHÉ, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Jane M. Thomas ("Thomas") worked as a sales assistant at Bear, Stearns & Co., Inc. ("Bear, Stearns"). Thomas executed a U-4 form allowing her to sit for the Series 7 examination to gain her securities license. The U-4 form contained an arbitration clause. After being fired Thomas sued Bear, Stearns alleging sexual harassment and discrimination under Title VII and requested a jury trial. The district court ordered her to arbitrate her claims and the arbitration panel denied all of Thomas' claims with prejudice. She then moved the district court to reopen her case, vacate the arbitration award, and grant her a jury trial. Thomas contended

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the enforcement of the arbitration clause in the U-4 form denied her right to a jury trial under the Civil Rights Act of 1991, and that the NASD arbitration procedure did not adequately protect her substantive rights under Title VII. The district court denied Thomas' motion and confirmed the arbitration award. Thomas appeals relying on the same arguments she presented to the district court.

Thomas' argument rests entirely on her assertion that enforcing the arbitration clause included in the U-4 form denies her right to a jury trial for Title VII claims provided by the Civil Rights Act of 1991. As the district court noted, only the Ninth Circuit agrees with her.[2] Every other circuit to consider the issue, including this Circuit, has held that the arbitration clause contained in a U-4 form requiring arbitration of an employee's Title VII claims is enforceable.[3] Additionally, these courts relied on the Supreme Court's decision in <u>Gilmer v.</u>

---

[2]<u>See</u> <u>Duffield v. Robertson, Stephens & Co.</u>, 144 F.3d 1182 (9th Cir. 1998).

[3]<u>See</u> <u>Mouton v. Metropolitan Life Ins. Co.</u>, 147 F.3d 453, 455 (5th Cir. 1998); <u>Alford v. Dean Witter Reynolds, Inc.</u>, 939 F.2d 229, 230 (5th Cir. 1991); <u>Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 170 F.3d 1, 10 (1st Cir. 1999); <u>Seus v. John Nuveen & Co.</u>, 146 F.3d 175, 179, 182-82 (3rd Cir. 1998); <u>Austin v. Owens-Brockway Glass Container, Inc.</u>, 78 F.3d 875, 882 (4th Cir. 1996); <u>Willis v. Dean Witter Reynolds, Inc.</u>, 948 F.2d 305, 308, 312 (6th Cir. 1991); <u>Gibson v. Neighborhood Health Clinics, Inc.</u>, 121 F.3d 1126, 1130 (7th Cir. 1997); <u>Patterson v. Tenet healthcare, Inc.</u>, 113 F.3d 832, 837 (8th Cir. 1997); <u>Metz v. Merril Lynch, Pierce, Fenner & Smith, Inc.</u>, 39 F.3d 1482, 1487 (10th Cir. 1994); <u>Paladino v. Avnet Computer Techs, Inc.</u>, 134 F.3d 1054, 1062 (11th Cir. 1998); <u>Cole v. Burns Int'l Sec. Servs.</u>, 105 F.3d 1465, 1467-68 (D.C. Cir. 1997).

Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) holding that the Federal Arbitration Act ("FAA") required the enforcement of the mandatory arbitration clause in a U-4 form in the context of an ADEA claim. We therefore affirm for the reasons given by the district court.

AFFIRMED.