Stanley BROWN, Plaintiff-Appellant,

v.

ITT CONSUMER FINANCIAL CORPORATION, Defendant-Appellee.

No. 99-10506.

United States Court of Appeals,

Eleventh Circuit.

May 5, 2000.

Appeal from the United States District Court for the Northern District of Georgia.(No. 94-00515-1-CV-JTC), Jack T. Camp, Judge.

Before BIRCH and HULL, Circuit Judges, and HODGES,[*] Senior District Judge.

BIRCH, Circuit Judge:

Plaintiff-Appellant Stanley Brown appeals the district court's rulings compelling arbitration and denying Brown's motion to vacate the arbitrator's decision in favor of Defendant-Appellee ITT Consumer Financial Corporation (ITT). Because we find that the district court properly compelled arbitration, and find no error in the district court's denial of the motion to vacate the award, we AFFIRM.

## I. BACKGROUND

Stanley Brown, an African-American, was hired by ITT in 1990. Brown worked in consumer loan collections for ITT, and was promoted to Assistant Vice-President in 1991. In that role, he trained and supervised Bruce A. Billue and Terry Jenkins, supervisors in ITT's Atlanta Recovery Center. Billue and Jenkins are also African-American. In 1993, Brown, Billue and Jenkins all filed complaints with the Equal Employment Opportunity Commission (EEOC) alleging racially discriminatory treatment by their superiors at ITT.

At the same time that their discrimination claims were being pursued with the EEOC, ITT was undergoing a reorganization and conversion from the consumer loan business to the home equity loan

---

[*]Honorable William Terrell Hodges, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

business. Billue and Jenkins were not offered employment in the Home Equity Center after the Atlanta Recovery Center closed in May 1993. Brown was retained until August 1993, during which time he managed the Home Equity Center and trained his replacement. Brown was then terminated from his position and offered severance if he signed a release of claims against ITT. He refused to sign.

In February 1994, Brown, Billue and Jenkins filed a complaint in the district court alleging race discrimination and retaliation. ITT moved to compel arbitration in accordance with the terms of an Employee Agreement (the Agreement) signed by each of the men. The Agreement contains an arbitration clause which provides that ITT and the employee

> agree that any dispute between them or claim by either against the other or any agent or affiliate of the other shall be resolved by binding arbitration under the Code of Procedure of the National Arbitration Forum....

R1-4, Exh.B.

The Agreement also provided that it could not be modified "except in a writing designated as an 'EMPLOYMENT AGREEMENT MODIFICATION', signed by an ITT CFC officer." *Id.* In the district court, Brown argued, among other things, that a Benefits Summary given to employees at the time of their termination and interim bulletins issued by ITT executives replaced the Agreement, thereby invalidating the arbitration clause. He also argued that the arbitration clause should fail because the National Arbitration Forum (NAF) no longer existed. The district court rejected Brown's arguments and compelled arbitration.

The arbitration was conducted by Judge John W. Sognier of JAMS/Endispute. At the conclusion of the arbitration, Billue and Jenkins were awarded damages. Brown was denied relief. His motion to vacate the arbitrator's judgment was denied by the district court. This appeal ensued.

## II. DISCUSSION

We review the district court's order compelling arbitration *de novo.* *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.,* 10 F.3d 753, 756 (11th Cir.1993). In reviewing the denial of the motion to vacate the arbitration award, we accept the district court's findings of fact unless clearly erroneous, and we review

2

questions of law *de novo*. *Scott v. Prudential Securities, Inc.,* 141 F.3d 1007, 1014 (11th Cir.1998), *cert. denied,* 525 U.S. 1068, 119 S.Ct. 798, 142 L.Ed.2d 660 (1999).

A. *Arbitrability of the Dispute*

Brown challenges the order compelling arbitration on four grounds: (1) that the arbitration clause fails because it is vague; (2) that the arbitration clause is so broad as to exceed § 2 of the Federal Arbitration Act (FAA); (3) that any agreement to arbitrate is void because the arbitrator and procedure specified no longer exist; and (4) that ITT waived its right to arbitration by its acts during the reorganization of the company and its failure to raise the arbitrability of the claims with the EEOC.[1] We address each of these claims in turn.

1. Vagueness

Brown argues on appeal that the arbitration clause is void because it fails to specifically state that statutory claims were included in the agreement to arbitrate. "It is well established that arbitration is a creature of contract" and neither party can be compelled to arbitrate when he has not agreed to do so. *Scott,* 141 F.3d at 1011 (citing *AT&T Tech., Inc. v. Communications Workers of America,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986)). A party cannot avoid arbitration, however, because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim.

The language of the clause at issue is brief, unequivocal and all-encompassing. It states that "any dispute between them or claim by either against the other" is subject to arbitration. By using this inclusive language, the parties agreed to arbitrate any and all claims against each other, with no exceptions. An arbitration agreement is not vague solely because it includes the universe of the parties' potential claims against each other.

---

[1]Brown also argues in a footnote that requiring Brown to pay a portion of the arbitration fees renders the arbitration clause unenforceable. Brief of Appellant, at 24 n. 6. As this issue was not raised before the district court, we do not address it here. *See Sims v. Trus Joist MacMillan,* 22 F.3d 1059, 1060 n. 2 (11th Cir.1994).

Brown also argues that as a matter of law statutory claims cannot be arbitrated unless the arbitration clause so specifically states. This circuit has held that statutory claims, including Title VII claims, can be subject to mandatory arbitration. *See Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698, 700 (11th Cir.1992) (finding that Title VII claims were arbitrable under the reasoning in *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). Where, as here, the agreement to arbitrate was made by the individual employee, and not by his collective bargaining representative, the employee can be compelled to arbitrate his statutory claim. *Brisentine v. Stone & Webster Engineering Corp.,* 117 F.3d 519, 524-25 (11th Cir.1997). In addition, we have noted that "an arbitration agreement [need not] specifically list every federal or state statute it purports to cover." *Paladino v. Avnet Computer Tech., Inc.,* 134 F.3d 1054, 1059 (11th Cir.1998).

The plaintiff in *Bender* agreed to arbitrate "any dispute, claim or controversy that may arise between me and my firm...." 971 F.2d at 700 n. 1. No specific reference to statutory claims was made at all in the arbitration clause. *Id.* Bender's Title VII claim was held to be included within the scope of the arbitration clause. *Id.* at 700. This finding is consistent with the well-established principle that "[t]he FAA creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement." *Paladino,* 134 F.3d at 1057 (citing *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 945, 115 S.Ct. 1920, 1924-25, 131 L.Ed.2d 985 (1995)). We think that the language of the instant arbitration clause similarly includes statutory claims. Brown's vagueness challenge fails.

2.      Breadth

Brown argues that the arbitration clause is too broad, because it exceeds the scope of § 2 of the FAA by addressing not just those claims arising out of the employment contract, but all claims between the parties, including statutory violations related to the employment relationship. This is an additional attempt to argue that Title VII and other statutory claims are not arbitrable. For the reasons articulated above, this argument is without merit.

3.      Failure of Chosen Forum

Brown also argues that the arbitration clause is void because the specified forum, the National Arbitration Forum (NAF), had dissolved. This argument is without merit. Section 5 of the FAA provides a mechanism for appointment of an arbitrator where "for any [ ] reason there shall be a lapse in the naming of an arbitrator...." 9 U.S.C. § 5 (West 2000). The unavailability of the NAF does not destroy the arbitration clause.

In *Luckie v. Smith Barney, Harris Upham & Co.,* 999 F.2d 509 (11th Cir.1993) (per curiam), we held that parties to securities transactions could be compelled to arbitrate in front of one of the specifically listed fora. *Id.* at 514. *Accord In re Salomon Inc. Shareholders' Derivative Litig.,* 68 F.3d 554, 558-59 (2d Cir.1995). Where the chosen forum is unavailable, however, or has failed for some reason, § 5 applies and a substitute arbitrator may be named. *Astra Footwear Indus. v. Harwyn Int'l, Inc.,* 442 F.Supp. 907, 910 (S.D.N.Y.), *aff'd,* 578 F.2d 1366 (2d Cir.1978). Only if the choice of forum is an integral part of the agreement to arbitrate, rather than an "ancillary logistical concern" will the failure of the chosen forum preclude arbitration. *See Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 742 F.Supp. 1359, 1364 (N.D.Ill.1990) (citing *Nat'l Iranian Oil Co. v. Ashland Oil,* 817 F.2d 326 (5th Cir.1987)). Here there is no evidence that the choice of the NAF as the arbitration forum was an integral part of the agreement to arbitrate. Brown's argument that the arbitration agreement is void because the NAF was unavailable must fail.

4.      Waiver

Brown also argues that ITT waived its right to arbitrate by issuing employment related documents to employees subsequent to the Agreement, and by failing to raise the arbitration issue with the EEOC. This assertion is also without merit. Waiver results from a party's "substant[ial] participat[ion] in litigation to a point inconsistent with an intent to arbitrate" which results in prejudice to the other party. *Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc.,* 62 F.3d 1356, 1366 (11th Cir.1995).

Brown refers to statements made by ITT executives and a "Benefits Summary" issued by the company as indicating an intent by the company to abandon the Agreement and the arbitration clause contained therein. The Agreement, however, expressly provides that it "cannot be modified except in a writing designated as an 'EMPLOYMENT AGREEMENT MODIFICATION....' " R1-4, Exh. B. The oral and written statements referred to by Brown do not suffice to supersede the arbitration clause of the Agreement.

ITT was also under no obligation to make a pre-suit demand for arbitration. *Morewitz,* 62 F.3d at 1366. The demand for arbitration was made promptly after the lawsuit was filed. Brown did not incur the delay or expense associated with litigation that might otherwise demonstrate prejudice. *Id.* As there was no delay or action by ITT inconsistent with an intent to arbitrate, no waiver occurred. The district court properly granted the motion to compel arbitration.

B.      Propriety of the Arbitrator's Decision

Brown also appeals the district court's refusal to vacate the arbitrator's award, arguing that the award was arbitrary and capricious and evidenced a manifest disregard for the law. Brown, however, bears the burden of asserting sufficient grounds to vacate the award. *Scott,* 141 F.3d at 1014. Furthermore, an award cannot be vacated as arbitrary and capricious unless no ground for the decision can be inferred from the facts. *Raiford v. Merrill Lynch, Pierce, Fenner & Smith,* 903 F.2d 1410, 1413 (11th Cir.1990).

Brown has not met his burden here. The arbitrator made a finding of fact that the decision not to offer Brown continuing employment was a unilateral one by Latina Cunningham. There is evidence to support this finding in the record. *Compare Ainsworth v. Skurnick,* 960 F.2d 939, 941 (11th Cir.1992) (finding an award arbitrary and capricious where "[t]here is simply no explanation in the award itself why damages were not awarded.") Since we cannot say that the arbitrator's decision was not grounded in fact, the assertion that the award was arbitrary and capricious must fail.

6

Brown has also failed to show that the arbitrator acted with manifest disregard for the law. Arbitration awards will not be reversed due to an erroneous interpretation of law by the arbitrator. *Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456, 1460 (11th Cir.1997). "To manifestly disregard the law, one must be conscious of the law and deliberately ignore it." *Id.* at 1461. In *Montes,* we found manifest disregard and remanded for a new arbitration proceeding because the arbitration panel was specifically asked by a party to disregard the law, and their award provided no reasons for their decision that would indicate that the request had not been followed. There are no such circumstances here. Brown argues that the arbitrator applied the wrong legal test in assessing his retaliation claim, but does not assert that this alleged error was intentional or that the arbitrator made a conscious decision not to follow the appropriate legal standard. Even if the arbitrator applied the wrong standard, which we need not decide, no manifest disregard for the law has been shown, and Brown's argument fails. The district court properly denied the motion to vacate the award.

As a final matter, Brown argues that the failure of JAMS to inform him of his right to appeal or to grant an appeal of the arbitrator's award was procedurally deficient. There is no evidence that Brown did not have a copy of the JAMS rules indicating that appeal was possible. Second, the language of JAMS Rule 6 is permissive. The case administrator "may ask" the parties if they agree to an optional appeal process. Brief of Appellant, at 40. Finally, both parties must agree in order for the appeal process to be binding. While it is possible that ITT would have agreed to bind itself to an appeal process if asked at the preliminary hearing, nothing prevented Brown from raising the issue himself once the case administrator failed to do so. We find no prejudice from the case administrator's failure to request the parties' consent to the appeal process as Brown had no unilateral right to appeal under the JAMS rules.

### III. CONCLUSION

The district court properly compelled arbitration of Brown's statutory claims pursuant to the terms of the Agreement. The arbitrator's award was not arbitrary and capricious and did not evidence a manifest disregard for the law. Accordingly, we AFFIRM.

7