**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-10202
Summary Calendar
_____


NORMAN LEATH,

                                    Plaintiff-Appellant,


VERSUS

AMERICAN MEDICAL INTERNATIONAL INCORPORATED,

                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-818-D)
_____

August 28, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


     Norman Leath appeals the confirmation of an arbitration award
entered in an employment discrimination dispute.  Concluding that
the arbitration agreement is valid and enforceable, we affirm.


                              I.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

In March 1993, American Medical International Incorporated ("American Medical") required Leath to sign an acknowledgment form containing an arbitration clause (the "Clause") as a condition of his continued employment. The Clause stated, in relevant part:

> I . . . understand that as a condition of employment and continued employment, I agree to submit any complaints to the published process and agree to abide by and accept the **final decision** of the arbitration panel as ultimate resolution of my complaint(s) for any and all events that arise out of employment or termination of employment.

Leath was discharged in August 1993.

Leath sued American Medical under title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and 42 U.S.C. § 1981, alleging that he was fired because of his race, sex, and age and in retaliation for complaining about American Medical's discriminatory practices. Leath and American Medical agreed to submit the claims to arbitration, although Leath reserved the right to challenge the enforceability of the arbitration agreement at a later time.

In December 1996, the arbitrator found, *inter alia*, that American Medical's actions were based on non-discriminatory reasons and denied Leath's claim in its entirety. In January 1997, the district court confirmed the arbitral decision.

II.

A.

Contrary to Leath's assertion, it is well-settled that we review the decision to confirm an arbitral decision *de novo*. *See Gateway Technologies, Inc. v. MCI Telecomms. Corp.*, 64 F.3d 993, 996 (5th Cir. 1995). Our review of the arbitrator's decision, on the other hand, is extremely deferential. *See Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994).

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, states that an arbitration provision in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Parties may agree to arbitrate claims arising under the ADEA, *see Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27-33 (1991), and we have extended this principle to title VII claims, *see Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991).

Leath argues that the Clause is unenforceable because it is not supported by consideration. Although Leath admits that he received continued employment in exchange for agreeing to arbitrate, he argues that this does not qualify as valid consideration.

Under Texas law, the employer and employee have the right to condition continued employment on the modification of the terms of employment. *See Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986). That Leath remained an at-will employee is of no

3

moment; he received consideration in the form of continued salary and employment.

Leath argues that this consideration is invalid because the "new policy is itself illegal." This assertion is meritless, as the Supreme Court has held it is legally permissible to require arbitration of statutory rights. *See Gilmer*, 500 U.S. at 26.

### B.

Leath also avers that the Clause is unenforceable because it "does not specifically put Leath on notice that he was waiving his right to the judicial remedies provided to redress the violation of his statutory rights." Leath signed an agreement to arbitrate any complaints "for any and all events that arise out of employment or termination of employment." It is obvious that the conduct that forms the basis of his complaint arises out of the "termination of employment."

The notion that an arbitration agreement must state specifically that statutory rights are covered is contrary to precedent. For example, the *Gilmer* Court ordered arbitration when the agreement referred, by adoption, to "[a]ny controversy . . . arising out of the employment or termination of employment." 500 U.S. at 23. In fact, we have held that an employment contract that requires the arbitration of "any action contesting the validity of this Agreement, the enforcement of its financial terms,

4

or other disputes" was sufficient under the FAA. *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 746 (5th Cir. 1996); *see Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 834-35 (8th Cir. 1997) (enforcing an arbitration clause identical to the instant one).

AFFIRMED.