United States Court of Appeals,

Fifth Circuit.

No. 91–6208

Summary Calendar.

Joan Chason ALFORD, Plaintiff–Appellant,

v.

DEAN WITTER REYNOLDS, INC. and Don L. Harris, Defendants–Appellees.

Oct. 26, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before JONES, DUHÉ, and WEINER, Circuit Judges.

DUHÉ, Circuit Judge:

This appeal follows the district court's dismissal with prejudice of Joan Chason Alford's Title VII lawsuit with an order that her claims be arbitrated. We find no error and affirm.


Background

Joan Chason Alford ("Alford"), Appellant, sued her former employer and supervisor, Dean Witter Reynolds, Inc. and Don Harris, appellees, alleging discrimination in violation of Title VII. Dean Witter and Harris demanded that Alford arbitrate her claims based on an arbitration clause in the broker registration agreements Alford signed with the New York Stock Exchange ("NYSE") and the National Association of Securities Dealers, Inc. ("NASD"). Alford signed these registration agreements pursuant to her employment with Dean Witter. Both the district court and this Court refused Dean Witter and Harris' demand to arbitrate. *See Alford v. Dean Witter Reynolds, Inc.,* 905 F.2d 104 (5th Cir.1990). Dean Witter and Harris sought writs.


Thereafter, the United States Supreme Court decided *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. ——, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). *Gilmer* presented the same arbitrability question involved in this case. The Supreme Court in *Gilmer* ruled that age

discrimination claims are subject to arbitration pursuant to the terms of arbitration agreements such as those signed by Alford. The Court also held that securities registration applications which contain arbitration agreements are contracts between the individual and the securities exchanges, and not the employer. Therefore, such arbitration agreements are not within the Federal Arbitration Act exclusionary clause and are subject to mandatory arbitration. *Gilmer v. Interstate/Johnson Corp.,* ⸺ U.S. at ⸺ n. 2, 111 S.Ct. at 1651 n. 2.

In light of its decision in *Gilmer,* the Supreme Court vacated this Court's earlier decision in *Alford v. Dean Witter Reynolds, Inc.,* 905 F.2d 104 (5th Cir.1990), and remanded this case for further consideration. *Alford v. Dean Witter Reynolds, Inc.,* ⸺ U.S. ⸺, 111 S.Ct. 2050, 114 L.Ed.2d 456 (1991).

On remand from the Supreme Court, this Court reversed its earlier decision and remanded. *Alford v. Dean Witter Reynolds, Inc.,* 939 F.2d 229 (5th Cir.1991). This reversal was based on the similarity between the ADEA claim in *Gilmer* and the Title VII claim in this case. We also recognized *Gilmer* 's rejection of *Alexander v. Gardner–Denver Company,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), upon which this Court's original decision was primarily based. *Alford v. Dean Witter Reynolds, Inc.,* 939 F.2d at 230. Additionally, this Court found that Alford's arbitration agreement was in a contract between her and the securities exchanges and not in a contract of employment with Dean Witter, thus holding that Alford's claim was within the ambit of the Federal Arbitration Act. *Id.* at 230 n. *. (discussing the exclusionary clause of 9 U.S.C. § 1). *See also Gilmer,* ⸺ U.S. at ⸺ n. 1, 111 S.Ct. at 1651 n. 1.

Upon remand, the district court granted Dean Witter and Harris' Motion to Dismiss and to Compel Arbitration. Alford's action was dismissed with prejudice and the parties were ordered to arbitration within 30 days.

Alford now appeals that decision. We affirm.

## Discussion

### I.

Alford argues that she was fraudulently induced to enter into employment with Dean Witter and that the arbitration clauses contained within the brokers registration agreements constitute adhesion contracts. Because Alford failed to raise these issues before the district court, we need not consider them on appeal. *See Hobbs v. Blackburn,* 752 F.2d 1079, 1083 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985). If "consideration of the newly raised issue in the trial court would have resulted in additional facts being developed there, the rationale for the application of the general rule applies, and the issue will not be considered by the appellate court." *Volkswagen of Am., Inc. v. Robertson,* 713 F.2d 1151, 1166 (5th Cir.1983); *see also U.S. v. Bigler,* 817 F.2d 1139, 1140 (5th Cir.1987). "We will consider an issue raised for the first time on appeal only if the issue is purely a legal issue and if consideration is necessary to avoid a miscarriage of justice. (*citing In re Johnson,* 724 F.2d 1138, 1140 (5th Cir.1984)). We will not allow a party to raise an issue for the first time on appeal merely because the party thinks that he or she might prevail if given the opportunity to try the case again on a different theory. (*citing Holiday Inns, Inc. v. Alberding,* 683 F.2d 931, 934 (5th Cir.1982))." *In re Goff,* 812 F.2d 931, 933 (5th Cir.1987).

The only claims raised before the district court were Alford's Title VII claims. Alford provides no explanation as to why her claims of fraud and adhesion could not have been asserted in the initial action. As Alford herself contends, these issues require factual determinations, therefore do not fall within the "pure question of law" exception.

Finally, although Alford's claims are similar to those claims raised in *Mago v. Shearson Lehman Hutton, Inc.,* 956 F.2d 932 (9th Cir.1992), in which the Ninth Circuit held that an adhesion contract is not subject to arbitration, the plaintiff in *Mago* raised the issue of adhesion in the district

court. *Id.* at 934. Alford, to the contrary, failed to raise this issue in the district court, and is therefore precluded from raising it here.

## II.

Second, Alford argues that Dean Witter has waived the right to arbitration by filing a counterclaim in the currently pending arbitration proceeding. The actions of Dean Witter during the arbitration proceeding occurred after the district court dismissed the case, were never considered by the district court and are not properly before this court. As the issue of waiver involves a determination of fact and is not "purely a legal issue"[1], we will not consider this issue on appeal.

## III.

Alford also argues that the district court improperly ordered her to arbitrate claims relating solely to her employment which are not subject to arbitration under the holding of *Gilmer.* We disagree. Although Alford asserts that certain state law claims were to be litigated in the federal action, the only claims actually filed in the district court were Alford's Title VII claims. Therefore, these state law claims asserted by Alford are not properly before this Court and will not be considered. *See discussion in I. above.* Additionally, this Court has already held that Alford's Title VII claims are properly subject to arbitration under the analysis in *Gilmer,* and that the securities registration application containing the arbitration agreement was a contract between Alford and the securities exchanges, and not a contract with her employer. *Alford v. Dean Witter Reynolds, Inc.,* 939 F.2d at 230. As a result, reconsideration of this issue is foreclosed by this Court's decision in the previous appeal.

## IV.

Finally, Alford argues that the district court's dismissal with prejudice of her claims is contrary to the precise terms of Section 3 of the Federal Arbitration Act. Section 3 provides that

---

[1]*See discussion I above.*

when claims are properly referable to arbitration, that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete. *9 U.S.C. § 3.* As correctly asserted by Alford, a stay is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration...."[2] Thus, the court may not deny a stay in such a situation. This rule, however, was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration. *Sea–Land Service, Inc. v. Sea–Land of P.R., Inc.,* 636 F.Supp. 750, 757 (D.Puerto Rico 1986); *Sparling v. Hoffman Const. Co., Inc.,* 864 F.2d 635, 638 (9th Cir.1988) (expressly holding that 9 U.S.C. § 3 does not preclude dismissal); *Hoffman v. Fidelity and Deposit Co. of Maryland,* 734 F.Supp. 192, 195 (D.N.J.1990); *Dancu v. Coopers & Lybrand,* 778 F.Supp. 832, 835 (E.D.Pa.1991). As stated in *Sea–Land:*

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law. *See 9 U.S.C. sections 9–12; ....*

*Sea–Land,* 636 F.Supp. at 757. Because it determined that all of Alford's claims were subject to arbitration, the district court acted within its discretion when it dismissed this case with prejudice.

V.

Dean Witter and Harris request this Court to assess damages/sanctions against Alford individually, or jointly against her and her appellate counsel pursuant to Rule 38 of the Rules of Appellate Procedure, 28 U.S.C. § 1912 and 28 U.S.C. § 1927. This request is denied.

This district court correctly dismissed Alford's claims and ordered arbitration. The judgment

---

[2]*Campeau Corp. v. May Dept. Stores Co.,* 723 F.Supp. 224 (S.D.N.Y.1989).

of the district court is

AFFIRMED.