Presstek, Inc. v. Agfa-Gevaert N.V.    CV-95-220-M    04/18/96
               UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Presstek, Inc.,
      Plaintiff

      v.                                    Civil No. 95-220-M

Agfa-Gevaert N.V.,
      Defendant


                            O R D E R


     On January 26, 1996, the court granted defendant's motion to
stay all proceedings in this matter pending arbitration of: (i)
the proper scope and interpretation of the arbitration clause
contained in a "manufacturing agreement" executed by the parties
(i.e., whether the arbitrator has jurisdiction to hear and
resolve plaintiff's claims); and (ii) if appropriate, the merits
of the parties' underlying disputes.  Defendant recently
submitted a status report, which represents that the arbitrator
determined that the parties' underlying disputes are covered by
the arbitration clause and, therefore, that the arbitrator has
jurisdiction to hear and resolve each of plaintiff's claims
against defendant.

Given that all issues raised by plaintiff are subject to binding arbitration, retaining jurisdiction and continuing to stay this action would seem to serve no purpose. "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law. See 9 U.S.C. §§ 9-12." Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (quoting Sea-Land Service, Inc. v. Sea-Land or Puerto Rico, Inc., 636 F.Supp. 750, 757 (D.P.R. 1986)). Accordingly, this case is dismissed under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, without prejudice. The Clerk of the Court is instructed to close the case. Of course the parties are free to seek review of any award eventually entered by the arbitrator.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 18, 1996

cc:  George R. Moore, Esq.
     Daniel s. Ebenstein, Esq.
     Steven J. Frank, Esq.
     Theodore A. Breiner, Esq.
     Garry R. Lane, Esq.
     A. Hugh Scott, Esq.