L.W. Packard v. Standard Wool          CV-95-270-M    04/18/96

                    UNITED STATES DISTRICT COURT FOR THE

                           DISTRICT OF NEW HAMPSHIRE


L.W. Packard & Company, Inc.,
      Plaintiff

      v.                                      Civil No. 95-270-M

Standard Wool, Inc.,
      Defendant


                              O R D E R


      Plaintiff, L.W. Packard & Company, Inc., brings this action

against Standard Wool, Inc., claiming that Standard breached a

contract to supply it with approximately 11,000 pounds of

cashmere fiber at $15.70 per pound.  Both parties are members of

the textiles industry and belong to an organization that provides

arbitration of disputes between its members.  The parties have

submitted a joint motion to refer this case to arbitration before

the Arbitration Committee of the Boston Wool Trade Association.

For the reasons set forth below, that motion is granted in part

and denied in part.


      In light of the parties' agreement, referral of this matter

to arbitration is plainly appropriate.  However, because the

parties have agreed to arbitrate all of the substantive issues

raised in this proceeding, retaining jurisdiction and staying this action would seem to serve no purpose. "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law. See 9 U.S.C. §§ 9-12." Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (quoting Sea-Land Service, Inc. v. Sea-Land of Puerto Rico, Inc., 636 F.Supp. 750, 757 (D.P.R. 1986)).

Accordingly, the parties' Joint Motion to Refer Case to Arbitration (document no. 13) is granted to the extent it seeks an order of the court referring this matter to arbitration (or approving their agreement to arbitrate their dispute). It is, however, denied to the extent it moves the court to retain jurisdiction over this matter. The case is dismissed under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, without prejudice. Of course, the parties are free to seek appropriate review of any award eventually entered by the arbitrator(s). The Clerk of the Court is directed to close the case.

2

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 18, 1996

cc:   James F. Raymond, Esq.
      Richard F. Johnston, Esq.