Timothy P. KALINSKI, Plaintiff,

v.

ROBERT W. BAIRD & CO., INCORPORATED, a Wisconsin Corporation, Defendant.

No. 4:01CV461.

United States District Court, D. Nebraska.

Jan. 7, 2002.

Benjamin M. Belmont, Lustgarten, Roberts Law Firm, Omaha, NE, for plaintiff.

William G. Dittrick, Maren C. Craft, Baird, Holm Law Firm, Omaha, NE, for defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

The defendant moves to dismiss or in the alternative to stay these proceedings and to compel arbitration. I will grant the motion to dismiss and dismiss this case without prejudice.

### I.

Mr. Kalinski has sued his former employer, Robert W. Baird & Co. (Baird), claiming that the employer improperly fired him and then submitted false information to the Securities and Exchange Commission (SEC). He asserts three causes of action: (1) interference with a business relationship; (2) termination without cause in violation of the defendant's policy resulting in a wrongful failure to fund his pension plans; and (3) defamation.

Summarized, the important factual allegations of the plaintiff's complaint (filing 1, attachment), which I assume to be true, are these: Baird hired the plaintiff as a securities broker; Baird fired him without cause and in violation of company policy on July 28, 2000; on August 4, 2000, Baird, as it was required to do by the SEC, submitted to the SEC a form U–5 ("Uniform Termination Notice for Security Industry Registration"); the information contained in the U–5 was false; and the U 5 was false because it stated that Mr. Kalinski had not been the subject of a customer complaint when in fact he had been the subject of a complaint during his employment with Baird.[1]

The first and third causes of action are related to the false information allegation. It is asserted that the plaintiff had difficulty with the SEC because he disclosed the

---

1. The plaintiff admits that "the substance of the false information submitted by Defendant regarding Kalinski was to have occurred *while employed ...."* (Pl.'s Br. Resp. Def.'s Mot. Dismiss at 3 (emphasis added)).

customer complaint to the SEC when, after his termination with Baird, he sought relicensing. When the SEC compared the submission of Baird with the submission of Kalinski, the discrepancy was noticed. According to the plaintiff, this discrepancy, created by the false information submitted by Baird, delayed the issuance of his license. Therefore, Baird is said to have interfered with the plaintiff's business interests and to have defamed him.

It is undisputed that Mr. Kalinski signed an arbitration agreement. (Filing 7, Ex. A, Aff. Bryce Edwards ¶ 6 & Ex. 1, attached thereto ¶¶ 2 & 5.) There is also no disagreement that he must arbitrate disputes "arising out of the employment or termination of employment." NASD Code of Arbitration Procedure §§ 10101 & 10201, *available at* http://www.nasdadr.com/arb—code/ Arb—Code—PrintVers.asp (Filing 7, Ex. B.)

## II.

■ The plaintiff tacitly concedes that the claim for relief related to his wrongful discharge and related failure to fund his pensions must be arbitrated. However, he argues that the two other claims, premised as they are upon submitting false information to the SEC, are not subject to arbitration. Relying upon *Coudert v. Paine Webber Jackson & Curtis,* 705 F.2d 78 (2d Cir.1983) (a dispute involving a defamation claim of a former account executive was not arbitrable where the alleged defamation took place after the account executive resigned), Mr. Kalinski argues that because the false information was submitted *after* he was fired, any related claims are not subject to arbitration. Thus, the plaintiff argues, these claims do not arise "out of the employment or termination of employment."

I respectfully disagree with the plaintiff. First, the Eighth Circuit has rejected the temporal approach represented by *Coudert,* and instead affirmed an arbitration order in an analogous case. *Morgan v. Smith Barney, Harris Upham & Co.,* 729 F.2d 1163, 1166 (8th Cir.1984) (stating that the *Coudert* decision has "serious weaknesses" and requiring arbitration of former employee's claims that his former employer "scrounged up" complaints from former customers and communicated them to the New York Stock Exchange and Missouri Securities Commission). *See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey,* 726 F.2d 1286, 1290 (8th Cir.1984) (refusing to follow *Coudert*).[2] Second, the alleged false information pertained to Kalinski's conduct as a broker during, and as an important part of, the employment relationship with the defendant. Third, Baird's submission of information, whether false or not, was required by the SEC as a direct consequence of the termination of employment.

Therefore, the false information claims are inextricably intertwined with important duties of both the employee and the employer during the employment relationship and as a direct consequence of termination of the employment relationship. That is, "significant aspects of the employment relationship" are at issue. *Morgan,* 729 F.2d at 1167. Consequently, these "false reporting" claims are subject to arbitration.

■ Because all of the plaintiff's claims are subject to arbitration, I have the discretion to dismiss this matter rather than to stay it and compel arbitration. *See, e.g., Barker v. Golf U.S.A., Inc.,* 154 F.3d 788, 793 (8th Cir.1998) (affirming dismissal because of arbitration clause), *cert. denied,*

---

**2.** In *Fleck v. E.F. Hutton Group, Inc.,* 891 F.2d 1047, 1051–52 (2d Cir.1989), the Second Circuit limited its decision in *Coudert,* and adopted instead the test developed by the Eighth Circuit in *Morgan.*

525 U.S. 1068, 119 S.Ct. 796, 142 L.Ed.2d 659 (1999); *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (collecting cases). The plaintiff has presented no reasons why dismissal would be inappropriate as contrasted with the alternative remedy, and, in this case, I can detect none.

Therefore, in the exercise of my discretion,[3] I decide to dismiss, without prejudice, rather than compel arbitration and stay this matter. The burden thus falls upon the plaintiff to commence arbitration if he wishes relief.

Accordingly,

IT IS ORDERED that:

1. The motion to dismiss (filing 6, part one) is granted.

2. The alternative motion (filing 6, parts two and three) to stay and compel arbitration is denied as moot.

3. Judgment shall be entered by separate document.

#### JUDGMENT

Pursuant to the memorandum and order previously entered in this case,

JUDGMENT is entered for the defendant and against the plaintiff providing that the plaintiff's complaint is dismissed without prejudice to arbitration and subsequent judicial relief if appropriate.

---

**3.** For example, when a case is stayed, there are significant administrative burdens imposed upon the court caused by the need to monitor events taking place in another forum. The court has a duty to insure the expeditious resolution of stayed cases just like it has a similar duty in active cases. Since arbitration may completely resolve the entire case, thus making monitoring wholly unnecessary, such a burden should be avoided if otherwise appropriate.