828 So.2d 907 (2002)
Eugene L. PORTER III
v.
COLONIAL LIFE & ACCIDENT INSURANCE COMPANY et al.
1991600.
Supreme Court of Alabama.
January 11, 2002.
Rehearing Denied March 8, 2002.
Randy Myers of Richard Jordan, Randy Myers & Ben Locklar, P.C., Montgomery, for appellant.
Philip S. Gidiere, Jr., and Steven K. Herndon of Gidiere, Hinton & Herndon, Montgomery, for appellees.
JOHNSTONE, Justice.
The plaintiff appeals the order of the trial court compelling the plaintiff to arbitrate his claims against the defendants and dismissing his civil action against them without prejudice. The plaintiff raises and ably argues several issues. An opinion framing but not deciding one of these issues will be valuable to the bench and bar in arbitration cases. See Rule 53, Ala. R.App. P. We must, however, affirm.
The plaintiff argues, for the first time on appeal, that a dismissal is the wrong form of relief for a trial court to grant in compelling a plaintiff to arbitrate his claims. The plaintiff argues that, if a motion to compel arbitration is due to be granted, the appropriate relief for the moving defendant is an order compelling the plaintiff to arbitrate and staying, not dismissing, the plaintiff's action during the pendency of the arbitration.
On the one hand, this Court has recognized that, if the trial court, in granting a motion to compel arbitration, dismisses the plaintiff's action, the dismissal is an appealable order. Thompson v. Skipper Real Estate Co., 729 So.2d 287, 288 n. 1 (Ala.1999). On the other hand, a majority of this Court has never agreed, in a case presenting the precise issue, that dismissing a plaintiff's action, as distinguished from staying the action, is the proper way to grant a motion to compel arbitration. Only four of the nine Justices agreed with the conclusion in Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249, 1258-59 (Ala.1997), that, if all of the plaintiff's claims are arbitrable, the trial judge does not abuse his discretion in ordering arbitration and dismissing the action.
The plaintiff cites Section 3 of the Federal Arbitration Act ("FAA") for the proposition that a stay, and not a dismissal, is the only proper form of relief. That section provides:

*908 "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added.)
9 U.S.C. § 3. In response, the defendants cite Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir.1992), for the proposition that the "weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."
We note a potential for injustice. If a plaintiff's court action be dismissed to enforce an arbitration agreement, but, through no fault of the plaintiff's, the arbitration be not concluded or some of the plaintiff's claims be not arbitrated, a statute of limitations could bar a refiling of the unarbitrated claims in court. Sometimes, for instance, an arbitrator's first duty under an arbitration agreement is to determine the arbitrability of a plaintiff's claims. In such a case, the arbitrator could rule that some or all of the plaintiff's claims should be litigated and not arbitrated. Moreover, a stay, as distinguished from a dismissal, would likely better conserve the time and resources of the parties and the trial court even in the event of a successful arbitration, inasmuch as the winner commonly wants the arbitration award reduced to a judgment.
In the case before us, however, the plaintiff did not contend in the trial court that a dismissal, as distinguished from a stay, was not the appropriate form of relief or that a stay, as distinguished from a dismissal, was the only form of relief authorized by the FAA. Rather, the plaintiff raises this issue for the first time on appeal. The appellate courts will not consider a challenge to an order or a judgment of a trial court asserted for the first time on appeal. Landers v. O'Neal Steel, Inc., 564 So.2d 925, 926 (Ala.1990) ("This Court will not review an issue raised for the first time on appeal."); and Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992) ("An issue raised for the first time on appeal is not subject to review because it has not been properly preserved and presented."). Therefore, we do not decide the stay-versus-dismissal issue presented for the first time on appeal in this case. Accordingly, we must affirm the judgment of the trial court compelling the plaintiff to arbitrate his claims and dismissing his action.
AFFIRMED.
SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
HOUSTON, J., concurs specially.
STUART, J., concurs in the result.
MOORE, C.J., dissents.
HOUSTON, Justice (concurring specially).
I would affirm. I write only to address the paragraph in the majority opinion that begins with the sentence: "We note a potential for injustice." Since this paragraph is dicta, I concur specially with the majority opinion rather than concurring in the result.
In Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249, 1258 (Ala.1997) (an opinion I wrote), four Justices on this Court followed the United States Court of Appeals for the Fifth Circuit's interpretation of § 3 of the FAA. (Another Justice concurred in *909 the result, without writing.) In Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir.1992), the Fifth Circuit Court of Appeals wrote:
"Finally, Alford argues that the district court's dismissal with prejudice of her claims is contrary to the precise terms of Section 3 of the Federal Arbitration Act. Section 3 provides that when claims are properly referable to arbitration, that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete. 9 U.S.C. § 3. As correctly asserted by Alford, a stay is mandatory upon a showing that the opposing party has commenced suit `upon any issue referable to arbitration under an agreement in writing for such arbitration....' Thus, the court may not deny a stay in such a situation. This rule, however, was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."

(Footnote omitted; emphasis on word "all" original, and other emphasis added.) Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir.1988), expressly holds that 9 U.S.C. § 3 does not preclude dismissal.
Three federal district court cases, the citations to which are set out in Hurst, 699 So.2d at 1259, interpret 9 U.S.C. § 3 as do the Fifth and the Ninth Circuits.
In construing Alabama statutes, I strongly adhere to the plain-meaning doctrine of statutory construction as a means of maintaining the separation of powers demanded by § 43 of the Constitution of Alabama of 1901.
However, when it comes to federal statutes, particularly those involving arbitration,[1] I defer to the interpretation placed upon those statutes by the federal courts.[2]Southern Energy Homes, Inc. v. Lee, 732 So.2d 994, 1003-04 (Ala.1999) (Houston, J., concurring specially).
That is what I did in Hurst, and that is what I will continue to do.
Likewise, the arbitration provision at issue provides that the party against whom the "lawsuit" is filed shall "obtain an order from the court to stay or dismiss the lawsuit or otherwise compel arbitration." (Emphasis added.) The plain language of the contract allows Colonial Life and Accident Insurance Company to "dismiss the lawsuit" brought against it by Eugene L. Porter III. That is what Colonial Life asked the trial court to do and that is what the trial court did. The trial court did not err. I would affirm.
NOTES
[1] In my opinion, the Federal Arbitration Act was not intended to apply to state courts. However, the United States Supreme Court has held that it does apply to state courts, and the Supremacy Clause (Article VI, Constitution of the United States) requires that I follow that interpretationand I do. (Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 38 (Ala.1998) (Houston, J., concurring specially.))
[2] When the United States Courts of Appeal are more or less evenly divided on an interpretation of a federal statute, then I adhere to the plain-meaning rule of statutory construction in deciding which line of authority I will follow. See Ex parte Bozeman, 781 So.2d 165 (Ala.2000), which the United States Supreme Court affirmed. 533 U.S. 146, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001).