Miron REYNOLDS, Plaintiff

v.

HALLIBURTON COMPANY, Kellogg Brown & Root, and Brown & Root Services, Defendants.

No. 1:01–CV–677.

United States District Court, E.D. Texas, Beaumont Division.

April 15, 2002.

Daniel William Packard, Packard & Packard, Beaumont, TX, for plaintiff.

W. Clark Jordan, Vanessa Clem, Vinson & Elkins, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is the issue of whether the plaintiff, Miron Reynolds, should be compelled to arbitrate his Title VII claims according to an arbitration agreement under the Federal Arbitration Act. Defendants have filed a Motion to Compel Arbitration and to Dismiss.

### Background

Miron Reynolds has worked for Brown & Root on different occasions on various construction and maintenance projects during the course of the past twenty-one years. Most recently, Reynolds was laid off from a project in August of 1997. Reynolds was later hired for projects in September of 1997, February of 1999, and May of 1999.

During the course of this employment relationship, on several occasions, Reynolds signed documents entitled "Assignment Authority Supplement", that contained the following provision:

> In consideration of my employment, I agree that my assignment, job or compensation can be terminated with or without cause, with or without notice at any time at the option of either the Company or myself. I also agree that I will be bound by and accept as a condition of employment, the terms of the Brown & Root Dispute Resolution Program, which are herein incorporated by reference. I understand the Dispute Resolution Program requires as its last step the binding arbitration of all employment disputes.

Additionally, Reynolds actually arbitrated a Title VII dispute with Brown & Root arising from a termination in August of 1995. The arbitrator ultimately found for Brown & Root, and Reynolds challenged the award in federal court. The court denied Reynold's motion to vacate and confirmed the award in favor of Brown & Root. *Reynolds v. Brown & Root, Inc.,* 1997 WL 269484 (S.D.Tex.).

In this case, Reynolds brings hostile work environment, discriminatory hiring practice, and retaliation claims against the defendants under Title VII. Reynolds has refused to submit his claims to arbitration, prompting the defendants to bring their motion to compel arbitration and dismiss. Reynolds primary response is that the arbitration agreement is not enforceable because a contract to arbitrate is void when the employer retains the unilateral power to change the policy, or in other words, when there is no consideration for binding the employee. The defendants contend the agreement is valid and enforceable, and was supported by consideration.

### Analysis

The Federal Arbitration Act provides, "A written provision in any ... contract evidencing a transaction involving

commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has interpreted "involving commerce" to the fullest extent of Congress's constitutional power, establishing "affecting commerce" as the standard for the Federal Arbitration Act. *Allied–Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 276, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Hence, the remaining inquiry is simply whether there is a valid agreement to arbitrate, and if so, whether the issue in question is covered by the agreement. *Cline v. H.E. Butt Grocery Co.*, 79 F.Supp.2d 730, 732 (S.D.Tex.1999).

The arbitration agreement in the Assignment Authority Supplement document is valid because it is a contractual provision supported by consideration and there are no equitable reasons to invalidate the agreement. *Id., see also Dodds v. Halliburton Energy*, 273 F.3d 1094 (5th Cir.2001). Plaintiff's contention that there was a lack of consideration was explicitly dealt with by the Fifth Circuit in *Cline*. *Id.* An arbitration clause is supported by valid consideration if each party promises to relinquish their legal rights to have a judicial forum adjudicate their disputes. *Id.* As here, simply because an employer retains the right to terminate an arbitration agreement, does not signify there is no consideration. Until the agreement is terminated, both parties are bound to arbitrate any dispute that arises under the agreement, and after the agreement is terminated, neither party is bound to arbitrate. *Id.* at 732,733. Therefore, this court finds that the arbitration agreement is a valid contractual agreement, supported by consideration.

The last consideration is whether the issue in question falls within the arbitration clause. First, based upon the language of the arbitration agreement in the Assignment Authority Supplement, it applies to all employment disputes, including the alleged employment discrimination in this case. Second, the Federal Arbitration Act is applicable to Title VII claims. *Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 455–56 (5th Cir.1998); *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 751 (5th Cir.1996). Therefore, this court finds that Reynolds's Title VII claims against the defendants for discrimination are covered by the arbitration agreement. Because there is a valid agreement to arbitrate, and the issue in question is covered by the agreement, the Federal Arbitration Act mandates that these claims be submitted to arbitration.

When all issues raised in an action are arbitrable and must be arbitrated, retaining jurisdiction and staying an action will serve no purpose. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5thCir.1992)(holding that because all of plaintiff's claims were subject to arbitration, the district court acted within its discretion when it dismissed the case with prejudice); *see also Rojas*, 87 F.3d at 751 (affirming dismissal of a Title VII action that was subject to compulsory arbitration). Because all of Reynolds's claims are arbitrable and must be submitted to arbitration, the court finds retaining jurisdiction is not necessary and that this case should be dismissed.

### Conclusion

The court having considered the motion and response on file, is of the opinion that the defendant's motion should be GRANTED. The claims brought by the plaintiff are covered by a valid arbitration agreement, and must be submitted to arbitra-

tion pursuant to the Federal Arbitration Act. Accordingly, it is

ORDERED, that this action be DISMISSED with prejudice at plaintiff's cost.