# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3310

_____

| | | |
|---|---|---|
| Mack Green; Robynne Barber; | * | |
| Michael Kennedy; Leon Gilmer; | * | |
| Michael A. Robertson; David Thomas; | * | |
| Eddie L. Oliver; Andre T. Shipp, | * | |
| and all others similarly situated, | * | |
| | * | |
| Appellants, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| SuperShuttle International, Inc; | * | |
| SuperShuttle Franchise Corporation; | * | |
| SuperShuttle of Minnesota, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 11, 2011
Filed: September 6, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Mack Green and other current or former shuttle bus drivers at the Minneapolis-St. Paul International Airport (collectively Green) brought suit against SuperShuttle International, Inc., SuperShuttle Franchise Corporation, and SuperShuttle of Minnesota, Inc. (collectively SuperShuttle) in Minnesota state court alleging violations of the Minnesota Fair Labor Standards Act (MFLSA) arising from

SuperShuttle's alleged misclassification of its drivers as franchisees rather than employees. After SuperShuttle removed the action to federal court, the district court granted SuperShuttle's motion to compel arbitration, held the drivers must submit their claims to the arbitrator on an individual basis rather than as a class because of class action waivers in their contracts, and dismissed the suit without prejudice.

Green appealed claiming the district court (1) erred in granting the motion to compel arbitration because the drivers are exempt from arbitration as transportation workers, (2) erred in enforcing the class action waiver clauses in the drivers' contracts because they are unenforceable under Minnesota law, and (3) erred in dismissing the federal action instead of staying it pending arbitration. We affirm in part and reverse in part.

I

SuperShuttle owns a shared-ride shuttle service which operates at the airport. SuperShuttle classified its shuttle bus drivers as franchisees and required them to sign Unit Franchise Agreements (UFAs) specifying the rights and obligations of the parties. Green, along with several other current and former shuttle bus drivers, believed he should be characterized as an employee rather than a franchisee. Green sued SuperShuttle in Minnesota state court alleging violations of the MFLSA. Green sought to recover lost wages, employment benefits, and restitution of franchise fees.

SuperShuttle removed the action to federal court asserting jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). Green moved to remand the case to state court. The district court denied the motion to remand. Green appealed and we summarily affirmed. See Green v. SuperShuttle Int'l, Inc., No. 10-1564 (8th Cir. May 26, 2010). SuperShuttle then moved the district court to compel Green to submit to arbitration, relying upon an arbitration clause in the UFAs. The arbitration clause provided:

[A]ny controversy arising out of this Agreement . . . shall be submitted to the American Arbitration Association . . . for final and binding arbitration in accordance with its commercial rules and procedures that are in effect at the time the arbitration is filed. . .. Nothing in this Agreement shall be construed as limiting or precluding either party from bringing any action in any court of competent jurisdiction for injunctive or other extraordinary relief.

Green argued he is exempt from arbitration under the Federal Arbitration Act (FAA) because he is a transportation worker. See 9 U.S.C. § 1 (indicating the FAA shall not apply "to contracts of employment of . . . any . . . class of workers engaged in . . . interstate commerce"); see also Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 115-19 (2001) (explaining the phrase "workers engaged in . . . interstate commerce" refers to transportation workers and holding Section 1 "exempts from the FAA . . . contracts of employment of transportation workers"). The district court determined it did not need to decide whether Section 1 of the FAA exempted Green from arbitration because his UFA assigned the threshold question of arbitrability to the arbitrator. As a result, the district court granted SuperShuttle's motion to compel arbitration, leaving to the arbitrator the question whether Green was exempt from arbitration as a transportation worker.

The district court also determined the drivers were required to submit their claims to the arbitrator individually rather than as a class. The district court relied upon a class action waiver provision in the UFAs which provided: "Any arbitration, suit, action or other legal proceeding shall be conducted and resolved on an individual basis only and not on a class-wide, multiple plaintiff, consolidated, or similar basis." The district court then dismissed the federal action without prejudice.

Green filed a timely appeal. On appeal, Green contends the district court lacked subject matter jurisdiction to compel arbitration because the FAA exempts transportation workers from its provisions. Green also contends he could not waive

his right to a class action under Minnesota law, and therefore the district court erred by enforcing the class action waivers and directing him and the other drivers to submit their claims to the arbitrator on an individual basis. Green also argues the district court should have let the arbitrator decide whether the class action waivers were enforceable. Finally, Green argues the district court erred when it dismissed the federal action without prejudice rather than staying it pending the completion of the arbitration.

II

We review the district court's order granting the motion to compel arbitration de novo. PRM Energy Sys., Inc. v. Primenergy, L.L.C., 592 F.3d 830, 833 (8th Cir. 2010).

Green argues the district court lacked jurisdiction to compel arbitration because the FAA exempts transportation workers. Application of the FAA's transportation worker exemption is a threshold question of arbitrability in the dispute between Green and SuperShuttle. Parties can agree to have arbitrators decide threshold questions of arbitrability. See Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772, 2777 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.").

In this case, the UFAs specifically incorporated the Rules of the American Arbitration Association (AAA). Those Rules provide that an arbitrator has the power to determine his or her own jurisdiction over a controversy between the parties. By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability. See Fallo v. High-Tech Inst., 559 F.3d 874, 878 (8th Cir. 2009). Green therefore agreed to have the arbitrator decide whether the

FAA's transportation worker exemption applied, and thus the district court did not err in granting the motion to compel arbitration.

Green also claims the district court erred when it enforced the class action waivers in the UFAs and directed the drivers to submit their claims to the arbitrator individually rather than as a class. He contends the class action waivers in the UFAs are unenforceable under Minnesota law. In the alternative, he claims the district court should have left to the arbitrator the question whether the class action waivers were enforceable.

The Supreme Court recently held the FAA preempted a state-law-based unconscionability challenge to a class action waiver provision in arbitration agreements between AT&T and some of its cellular phone customers. AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1753 (2011). Like the phone customers in Concepcion who based their challenge to the enforceability of a class action waiver provision based upon California law, Green and the other drivers make a Minnesota-state-law-based challenge to the enforceability of the class action waivers in the UFAs. Our reading of Concepcion convinces us the state-law-based challenge involved here suffers from the same flaw as the state-law-based challenge in Concepcion – it is preempted by the FAA. Consequently, Concepcion forecloses Green's claim that the district court erred in concluding the class action waivers were enforceable.

Finally, Green contends the district court should have stayed this action pending completion of the arbitration, rather than dismissing it without prejudice. We have not previously addressed which standard of review applies when a party challenges the district court's dismissal of an action in favor of arbitration, as opposed to a stay of the action. We conclude such a decision should be reviewed for an abuse of discretion. See Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998)

-5-

(indicating a district court has discretion to dismiss, rather than stay, a case "when all of the issues before the court are arbitrable").

The FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it. See 9 U.S.C. § 3 (stating district courts "*shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*") (emphasis added). The district court relied upon a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration. See Jann v. Interplastic Corp., 631 F. Supp. 2d 1161, 1167 (D. Minn. 2009) (collecting cases).

In this case, it is not clear all of the contested issues between the parties will be resolved by arbitration. The arbitrator may very well determine the transportation worker exemption applies. If such happens, Green and the other drivers may be prejudiced by the dismissal of the district court action because the statute of limitations may run and bar them from refiling complaints in state or federal court. Under these circumstances, we believe the district court abused its discretion in dismissing the action, rather than staying it pending completion of the arbitration.

III

We affirm the district court's grant of the motion to compel arbitration, as well as its enforcement of the class action waivers. We reverse the order dismissing this case without prejudice rather than staying it pending completion of arbitration, and remand for further proceedings consistent with this opinion.

SHEPHERD, Circuit Judge, concurring in part and concurring in the result.

I concur in the court's opinion except for its holding that the abuse of discretion standard applies to a district court's decision to dismiss or stay an action "when all of the issues before the court are arbitrable." See Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998). With respect to this issue, I agree with the court's conclusion that the district court should have stayed this case pending arbitration under 9 U.S.C. § 3. However, I would have reached this conclusion regardless of whether nonarbitrable issues were involved because I believe section 3 affords the district court no discretion to dismiss a case even "where it is clear the entire controversy between the parties will be resolved by arbitration." Ante, at 6. In my view, the plain language of section 3 and the purpose of the FAA require district courts to stay an action pending arbitration upon a party's application, and therefore district courts should not be afforded discretion to dismiss the action.

"Generally, where the text of a statute is unambiguous, the statute should be enforced as written, and only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language." United States v. Sabri, 326 F.3d 937, 943 (8th Cir. 2003) (internal citations and quotations omitted). Section 3 directs the district court to enter an order staying the proceedings upon application of a party: "the court . . . shall on application of one of the parties stay the trial of the action." 9 U.S.C. § 3. Nothing in the statute gives the court discretion to dismiss the action when all of the issues in the case are arbitrable. Moreover, when Congress uses the word "shall," it "normally creates an obligation impervious to judicial discretion." See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998). Although this rule of statutory construction is not absolute, Dubois v. Thomas, 820 F.2d 943, 948 (8th Cir. 1987), no language in section 3 indicates a contrary legislative intent.

I recognize that the court adopts the approach of the majority of the circuits that have spoken to this issue. See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001); Bercovitch, 133 F.3d at 156 & n.21; Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988). In my view, however, the Third Circuit has adopted the correct—albeit minority—approach in declining to engage in a tortured interpretation of section 3, and thereby taking Congress at its word. See Lloyd v. HOVENSA, LLC, 369 F.3d 263, 268-71 (3d Cir. 2004).

I also find convincing the analysis employed by the Third Circuit in support of its plain language approach. In particular, the Third Circuit emphasizes that one of the main purposes of the FAA is to enable a party entitled to arbitration "to proceed with arbitration without the substantial delay arising from an appeal." Lloyd, 369 F.3d at 271. The interpretation of section 3 used by the majority of the circuits undermines this purpose because a dismissal of a case constitutes an immediately appealable final order, whereas a party opposing arbitration may not immediately appeal an order granting a stay. Compare 9 U.S.C. § 16(a)(3) with 9 U.S.C. § 16(b)(1). See also Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86-87 & n.2 (2000); Lloyd, 369 F.3d at 270. Thus, by creating an "exception to the mandatory directive" of section 3 that the action be stayed, the majority of the circuits "confer a right to an immediate appeal that would not otherwise exist" under section 16. Lloyd, 369 F.3d at 271. Because this may cause substantial delay in arbitration, the holding of the majority of the circuits as well as the holding of the majority in this case fails to comport with the FAA's aim to "effectively promote and facilitate arbitration." Id. at 270.

Further, the rationale of the approach taken by the majority of the circuits, as found in the Fifth Circuit's Alford decision, is unpersuasive. The Alford court interprets section 3 to provide that a stay is mandatory only in embedded

proceedings—where the action involves a request for arbitration and other claims—as opposed to independent proceedings—where a request for arbitration is the only issue. Alford, 975 F.2d at 1164; see also Green Tree Fin. Corp.-Ala., 531 U.S. at 87 (explaining the difference between embedded and independent proceedings). However, the court provides no statutory support for its conclusion that staying an action serves no purpose in independent proceedings. See Alford, 975 F.2d at 1164. To the contrary, the district court continues to perform significant functions under the FAA even when all of the claims are arbitrable. See, e.g., 9 U.S.C. § 5 (requiring the district court to resolve disputes over appointment of arbitrators); § 7 (allowing the district court to compel attendance of witnesses in arbitration); §§ 9-11 (entitling parties to obtain a judgment on an arbitration award or an order modifying or vacating the award).

Accordingly, I would hold that section 3 required the district court to grant a stay because SuperShuttle so moved.

_____