SHEPHERD, Circuit Judge,
concurring in part and concurring in the result.
I concur in the court’s opinion except for its holding that the abuse of discretion standard applies to a district court’s decision to dismiss or stay an action “when all of the issues before the court are arbitrable.” See Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n. 21 (1st Cir.1998). With respect to this issue, I agree with the court’s conclusion that the district court should have stayed this case pending arbitration under 9 U.S.C. § 3. However, I would have reached this conclusion regardless of whether nonarbitrable issues were involved because I believe section 3 affords the district court no discretion to dismiss a case even “where it is clear the entire controversy between the parties will be resolved by arbitration.” Ante, at 770. In my view, the plain language of section 3 and the purpose of the FAA require district courts to stay an action pending arbitration upon a party’s application, and therefore district courts should not be afforded discretion to dismiss the action.
“Generally, where the text of a statute is unambiguous, the statute should be enforced as written, and only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language.” United States v. Sabri, 326 F.3d 937, 943 (8th Cir.2003) (internal citations and quotations omitted). Section 3 directs the district court to enter an order staying the proceedings upon application of a party: “the court ... shall on application of one of the parties stay the trial of the action.” 9 U.S.C. § 3. Nothing in the statute gives the court discretion to dismiss the action when all of the issues in the case are arbitrable. Moreover, when Congress uses the word “shall,” it “normally creates an obligation impervious to judicial discretion.” See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). Although this rule of statutory construction is not absolute, Dubois v. Thomas, 820 F.2d 943, 948 (8th Cir.1987), no language in section 3 indicates a contrary legislative intent.
I recognize that the court adopts the approach of the majority of the circuits that have spoken to this issue. See, e.g., Choice Hotels Int’l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir.2001); Bercovitch, 133 F.3d at 156 & n. 21; Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir.1992); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir.1988). In my view, however, the Third Circuit has adopted the cor *771 rect — albeit minority — approach in declining to engage in a tortured interpretation of section 3, and thereby taking Congress at its word. See Lloyd v. HOVENSA, LLC, 369 F.3d 263, 268-71 (3d Cir.2004).
I also find convincing the analysis employed by the Third Circuit in support of its plain language approach. In particular, the Third Circuit emphasizes that one of the main purposes of the FAA is to enable a party entitled to arbitration “to proceed with arbitration without the substantial delay arising from an appeal.” Lloyd, 369 F.3d at 271. The interpretation of section 3 used by the majority of the circuits undermines this purpose because a dismissal of a case constitutes an immediately appealable final order, whereas a party opposing arbitration may not immediately appeal an order granting a stay. Compare 9 U.S.C. § 16(a)(3) with 9 U.S.C. § 16(b)(1). See also Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86-87 & n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); Lloyd, 369 F.3d at 270. Thus, by creating an “exception to the mandatory directive” of section 3 that the action be stayed, the majority of the circuits “confer a right to an immediate appeal that would not otherwise exist” under section 16. Lloyd, 369 F.3d at 271. Because this may cause substantial delay in arbitration, the holding of the majority of the circuits as well as the holding of the majority in this case fails to comport with the FAA’s aim to “effectively promote and facilitate arbitration.” Id. at 270.
Further, the rationale of the approach taken by the majority of the circuits, as found in the Fifth Circuit’s Alford decision, is unpersuasive. The Alford court interprets section 3 to provide that a stay is mandatory only in embedded proceedings — where the action involves a request for arbitration and other claims — as opposed to independent proceedings — where a request for arbitration is the only issue. Alford, 975 F.2d at 1164; see also Green Tree Fin. Corp.-Ala., 531 U.S. at 87, 121 S.Ct. 513 (explaining the difference between embedded and independent proceedings). However, the court provides no statutory support for its conclusion that staying an action serves no purpose in independent proceedings. See Alford, 975 F.2d at 1164. To the contrary, the district court continues to perform significant functions under the FAA even when all of the claims are arbitrable. See, e.g., 9 U.S.C. § 5 (requiring the district court to resolve disputes over appointment of arbitrators); § 7 (allowing the district court to compel attendance of witnesses in arbitration); §§ 9-11 (entitling parties to obtain a judgment on an arbitration award or an order modifying or vacating the award).
Accordingly, I would hold that section 3 required the district court to grant a stay because SuperShuttle so moved.