Christian NAVARRO, Plaintiff,

v.

CHARLIE THOMAS CHEVROLET, LTD. d/b/a AutoNation Mitsubishi and American Credit Acceptance, LLC, Defendants.

CIVIL ACTION NO. H–15–399

United States District Court, S.D. Texas, Houston Division.

Signed July 10, 2015

Amy E. Kleinpeter, Hill Country Consumer Law, Austin, TX, Dana Karni, Karni Law Firm, P.C., Houston, TX, for Plaintiff.

George Anthony Kurisky, Jr, Johnson DeLuca Kurisky & Gould, P.C., Robert Alexander Lemus, Sutherland Asbill and Brennan LLP, Houston, TX, for Defendants.

## ORDER TO PROCEED TO ARBITRATION AND ORDER OF DISMISSAL OF CASE

EWING WERLEIN, JR., UNITED STATES DISTRICT JUDGE

Among other motions pending are Defendant Charlie Thomas Chevrolet, Ltd. d/b/a AutoNation Mitsubishi's ("AutoNation") Motion to Compel Arbitration and for Stay or Dismissal of Litigation (Document No. 8), to which Plaintiff is unopposed,[1] and Plaintiff's Motion for Voluntary Dismissal (Document No. 18), to which Defendant American Credit Acceptance, LLC has filed its response in opposition. After carefully considering the motions, response, and the applicable law, the Court concludes that the parties' dispute should be submitted to arbitration and this case dismissed without prejudice on the merits.

On March 21, 2014, Plaintiff Christian Navarro ("Plaintiff") purchased a used 2007 Honda Civic from AutoNation.[2] AutoNation then assigned its interest in the sales contract to Defendant American Credit Acceptance, LLC ("American").[3] The Motor Vehicle Retail Installment Sales Contract (the "Sales Contract") signed by Plaintiff and AutoNation contains an Arbitration Clause (the "Arbitration Clause") permitting either party to

---

1. *See* Document No. 18 at 1 ("Upon reviewing the motion and the arbitration clauses, Plaintiff agrees that this dispute, under U.S. law, must be dismissed and moved to an arbitration forum.").

2. Document No. 11 (Pl.'s 1st Am. Compl.).

3. Id. ¶. 10.

"CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL."[4] The Arbitration Clause further provides that:

> Any claim or dispute, whether in contract, tort, statute or otherwise ... between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.[5]

At the scheduling conference on June 19, 2015, American acknowledged that it is bound by the Sales Contract.

Plaintiff alleges that when he purchased the vehicle, AutoNation told him it had 92,687 miles on it, but Plaintiff soon had trouble with the engine, which he discovered had been taken from a salvage car and had over 138,438 miles on it, voiding his remaining warranty.[6] Plaintiff filed suit, alleging against both Defendants claims for violations of the Federal Odometer Act, 49 U.S.C. §§ 32701 et seq., and the Texas Deceptive Trade Practices Act ("DTPA"), and for breach of express warranties, fraud, and intentional misrepresentation.[7]

AutoNation moves to compel arbitration based on the Arbitration Clause and to stay or dismiss this suit.[8] American moves to dismiss Plaintiff's claims against it, and seeks to recover its attorney's fees under the DTPA.[9] Plaintiff has filed his opposition to American's motion and declared his concurrence with AutoNation's motion to compel arbitration (Document No. 22). Plaintiff, separately conceding that AutoNation's motion to compel arbitration should be granted, moves voluntarily to dismiss his suit so that he can pursue his claims in arbitration.[10] American opposes Plaintiff's motion for voluntary dismissal, arguing that Plaintiff waived his right to arbitrate by filing suit and that Plaintiff's claims against American should be dismissed with prejudice.[11]

Under the Federal Arbitration Act ("FAA"),[12] "[a] two-step inquiry governs whether parties should be compelled to arbitrate a dispute. First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable." Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004) (quotation marks and citation omitted). The first step requires the Court to determine whether there is a valid agreement to arbitrate between the parties and whether

---

4. Document No. 8, ex. A at 4 of 4.

5. Id. Plaintiff and AutoNation also signed a separate Arbitration Agreement providing that they "agree that arbitration will be the sole method of resolving any claim dispute or controversy" arising from their dealings. Id., ex. B.

6. Document No. 11 ¶¶ 8, 15, 19.

7. Document No. 1 (Pl.'s Orig. Compl.).

8. Document No. 8.

9. Document No. 9.

10. Document No. 18.

11. Document No. 24.

12. The Arbitration Clause is governed by the FAA. See Document No. 8, ex. A at 4 of 4 ("Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration.").

the dispute in question falls within the scope of that arbitration agreement. Id. (citing Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir. 1996)). "[O]nce a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration." Id. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

It is undisputed that Plaintiff and Auto-Nation agreed to the Arbitration Clause, that American as assignee of AutoNation's rights in the Sales Contract is bound by the Arbitration Clause, that the Arbitration Clause is valid, and that the parties' dispute is within the scope of the Arbitration Clause. Based on these undisputed facts, Plaintiff agrees that AutoNation's Motion to Compel Arbitration should be granted. Although American opposes Plaintiff's motion voluntarily to dismiss his suit, arguing that Plaintiff waived his right to arbitrate, American has filed no opposition to AutoNation's motion to "compel the parties to arbitration, [and to] stay or dismiss the pending litigation." [13]

■■■■ To the extent that Plaintiff's motion voluntarily to dismiss his complaint and proceed to arbitration is not merely duplicative of AutoNation's motion, it too should be granted. See Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002) ("[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.").[14] American accurately states that Plaintiff invoked the judicial process by filing this suit and then amending his complaint. See Nicholas v. KBR, Inc., 565 F.3d 904, 908 (5th Cir. 2009) ("We conclude that the act of a plaintiff filing suit without asserting an arbitration clause constitutes substantial invocation of the judicial process, unless an exception applies."). However, "[i]n addition to invocation of the judicial process, the party opposing arbitration must demonstrate prejudice before we will find a waiver of the right to arbitrate." Id. at 910. "The burden on one seeking to prove a waiver of arbitration is a heavy one." Tenneco Resins, Inc. v. Davy Int'l. AG, 770 F.2d 416, 420 (citation omitted); see also Al Rushaid v. Nat'l Oilwell Varco, Inc., 757 F.3d 416, 421–22 (5th Cir. 2014) ("[I]n light of the federal policy favoring arbitration, '[t]here is a strong presumption against finding a waiver of arbitration.' ") (citation omitted). American has not established that it is prejudiced in any material way by Plaintiff's invocation of the contractual arbitration clause at this early stage of the case—before the Court conducted its Rule 16 scheduling conference and before any pretrial discovery has begun. Cf. Walker v. J.C. Bradford & Co., 938 F.2d 575, 578

---

**13.** Document No. 8 at 6.

**14.** American argues that voluntary dismissal under Rule 41(a)(2) is inappropriate because American has counterclaimed for attorneys' fees under the DTPA. Document No. 24 at 8–9. See Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."). However, although American requests attorneys' fees in its motions to dismiss, it has not filed a counterclaim requesting such fees. Besides, a party's entitlement to recover attorneys' fees is simply one more of the arbitrable issues embedded in the total controversy.

(5th Cir. 1991) (finding no waiver even though parties engaged in discovery, attended pretrial conference, amended scheduling order three times and moved to transfer case during thirteen-month period before defendant filed motion to compel arbitration); Tenneco, 770 F.2d at 420–21 ("While it is true that Davy waited almost eight months before moving that the district court proceedings be stayed pending arbitration, and, in the meantime, participated in discovery, this and other courts have allowed such actions as well as considerably more activity without finding that a party has waived a contractual right to arbitrate.") (collecting cases).

Accordingly, because this dispute is subject to the Arbitration Clause in the Sales Contract that binds all parties, it should be submitted to arbitration in accordance with the contract,[15] and the case should be dismissed. *See* Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) ("Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose."). It is therefore

ORDERED that Defendant Charlie Thomas Chevrolet, Ltd. d/b/a AutoNation Mitsubishi's Motion to Compel Arbitration and for Stay or Dismissal of Litigation (Document No. 8) and Plaintiff's Motion for Voluntary Dismissal (Document No. 18) are both GRANTED, and it is ORDERED that all parties shall proceed to arbitration in accordance with the terms of their March 21, 2014 Motor Vehicle Retail Installment Sales Contract. It is further

ORDERED that Plaintiff's claims against Defendant Charlie Thomas Chevrolet, Ltd. d/b/a AutoNation Mitsubishi and Defendant American Credit Accep-

tance, LLC are DISMISSED without prejudice on the merits, pending arbitration, and all other pending motions are DENIED as moot.

The Clerk shall notify all parties and provide them with a true copy of this Order.

---

15. The Arbitration Clause provides that "[a]rbitration shall be conducted by the American Arbitration Association … or any other organization that you choose subject to our approval." Document No. 8, ex. A at 4 of 4.